UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| JOSE LUIS BELLOC-HERNANDEZ | § | |
| | § | |
| vs. | § | NO:   PE:17-CV-00057-RAJ |
| | § | |
| RCDC III | § | |

### ORDER DISMISSING CASE FOR WANT OF PROSECUTION

Before this Court is Plaintiff's 42 U.S.C. §1983 Civil Rights Complaint, filed on December 27, 2017. [docket number 1]. On January 4, 2018, this Court ordered Plaintiff to submit his §1983 on a proper form no later than January 26, 2018, and had the Clerk of the Court enclose a blank §1983 form for Plaintiff to simply fill out and return. [docket number 2]. Plaintiff has not responded in any manner to this Court's Order of January 4, 2018. In fact, Plaintiff has not communicated with this Court since the case was filed.

Plaintiff has never complied with the order to submit his complaint on the proper form, even though this Court supplied him with a blank copy to simply fill out. Plaintiff is not excused for this failure because there is no evidence that he has not received the January 4, 2018 Order or that he requested additional time to respond and this Court has yet to grant said request. This demonstrates Plaintiff's complete failure to prosecute his suit.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court finds that the only remedy available in light of Plaintiff's inaction is to dismiss the Complaint for want of prosecution under Rule 41(b). For the same reasons, the Court further finds that the Complaint shall be dismissed in the interest of judicial economy. The Court shall dismiss the Complaint without prejudice to allow Plaintiff another

opportunity to raise his claims, if necessary. *Callip v. Harris Cty. Child Welfare Dep't.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (citations omitted) (finding that, unless otherwise specified, a dismissal for want of prosecution is a "complete adjudication on the merits, and thus with prejudice").

"The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.), cert. denied, 522 U.S. 875, 118 S.Ct. 195, 139 L.Ed.2d 133 (1997). Therefore, this Court will dismiss this case without prejudice for want of prosecution pursuant to Rule 41.

It is so **ORDERED.**

SIGNED this 30th day of January, 2018.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE